UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL HARO, on behalf of himself and all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>vs.<br><br>ALBERTSON'S LLC, et. al,<br><br>Defendants. | Case No. 3:26-cv-2120-RSH-DDL<br><br>**ORDER (1) GRANTING JOINT MOTION FOR DISMISSAL OF CLASS CLAIMS AND (2) DENYING MOTION TO WITHDRAW AS COUNSEL**<br><br>[ECF Nos. 15, 16, 19] |

Before the Court is the Parties' Joint Stipulation for Entry of an Order Dismissing Class Claims and Relieving D.Law Inc. as Counsel for Plaintiff. ECF No. 19. The Court construes the Joint Stipulation as two motions: a motion to dismiss the class claims, and a motion to withdraw as attorney.

## I. MOTION TO DISMISS CLASS CLAIMS

Good cause appearing, the Court **GRANTS** the motion to dismiss the class claims [ECF No. 19] without prejudice. Plaintiff's individual claims remain. *Id.* at 2.

The Parties stipulate that upon dismissal of the class claims, Defendants withdraw their motions to set a briefing schedule on Plaintiff's motion for class certification, ECF No. 15, and for a stay pending resolution of class action settlement in an earlier-filed state court case, ECF No. 16. These motions [ECF Nos. 15, 16] are therefore deemed **WITHDRAWN**.

## II. MOTION TO WITHDRAW AS COUNSEL

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). Civil Local Rule 83.3(f)(3) further requires an attorney to serve any motion to withdraw on the adverse party and his client and to file a declaration pertaining to such service. Civ. L.R. 83.3(f)(3). Failure to do so "will result in a denial of the motion." *Id.*

Here, the Joint Stipulation does not comply with Civ. L.R. 83.3(f)(3). The Court therefore **DENIES** the motion to withdraw D.Law Inc. as counsel for Plaintiff, without prejudice.

**IT IS SO ORDERED.**

Dated: August 13, 2026

Robert S Huie

Hon. Robert S. Huie
United States District Judge